# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20098
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2014

Lyle W. Cayce
Clerk

JUSTO ARCE; RAFAEL TELLEZ,

Plaintiffs – Appellants

v.

AUSTIN INDUSTRIES, INCORPORATED; AUSTIN INDUSTRIAL, INCORPORATED; AUSTIN MAINTENANCE & CONSTRUCTION, INCORPORATED; RONALD J. GAFFORD; BARRY W. BABYAK,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1534

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

The plaintiffs, Justo Arce and Rafael Tellez, sued various defendants in federal court, alleging violations of the Fair Labor Standards Act ("FLSA"). The case was stayed in favor of arbitration. Before the arbitration hearing was held, the plaintiffs and defendants agreed to a settlement. In November 2013, each plaintiff signed a settlement agreement stating the total settlement

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20098

amount and specifying how the amount would be divided between the plaintiff and his lawyers. On December 4, 2013, the plaintiffs filed a Rule 41(a)(1)(A)(ii) stipulation of dismissal in the district court, dismissing all claims with prejudice; the stipulation was also signed by counsel for the defendants. The same day, the district court issued an order stating that "[i]n order to protect the workers, no settlement or dismissal will be approved until the court has reviewed its terms."

On December 11, 2013, the district court issued an order stating: "The settlements are disallowed. Given the amount of work performed, there is simply no reasonable justification for plaintiff's counsel receiving nearly two-thirds of the settlement." Plaintiffs' counsel responded with a letter to the district court explaining that most of the money received by counsel under the settlement went to reimburse costs and expenses of litigation, including $3,735 in expert fees. On January 15, 2014, the district court ordered the plaintiffs to provide the expert's "time sheets, work papers, and final report." Plaintiffs' counsel provided this material to the district court. On January 17, 2014, the district court issued an order directing that "[t]he claimed $3,735 cost of [the expert's] 'expertise' and 'work' will be distributed equally to" the two plaintiffs. The order stated further that "[t]he settlement is approved without other modification."

The plaintiffs now appeal the district court's order which, as characterized in the plaintiffs' brief, has the effect of "assessing expert fees against Plaintiffs' counsel, and not against Plaintiffs' recovery . . . as stipulated in the attorney fee agreement and the settlement agreement." The plaintiffs' sole argument on appeal is that the district court had no legitimate grounds to modify an "arbitration award." Accordingly, we do not consider the extent to which court approval is required for a private settlement of claims under the FLSA. *See, e.g., Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 254-

No. 14-20098

56 (5th Cir. 2012) (discussing circumstances in which court approval is not required).  Nor do we discuss further the curious fact that the plaintiffs are pursuing an appeal that, if successful, would reduce their recovery by $3,735.[1]

The plaintiffs' entire argument is based on the erroneous premise that a private settlement agreement between the plaintiffs and defendants is an "arbitration award."  The arbitrator did not award anything to anyone here.  As the plaintiffs' own brief recognizes, the parties "reached an agreement short of arbitration."  The plaintiffs have not shown that the arbitrator imposed the terms of the settlement on the parties through any order or award.  Furthermore, the plaintiffs have cited no authority holding that a private settlement that happens to take place while the parties are in arbitration is tantamount to an arbitration award.  Accordingly, the case law cited by the plaintiffs concerning the deference given to an arbitration award is irrelevant.

AFFIRMED.

---

[1] The defendants, obviously realizing that they have no stake in this dispute, have declined to file an appellee brief in response.